**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SCOTT LINDSEY, | Civil Action No. |
| Plaintiff, | 22-cv-1836 |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF REMOVAL

Defendant Equifax Information Services LLC ("Equifax"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this case from the District Court, Fourth Judicial District, Hennepin County, State of Minnesota, to the United States District Court for the District of Minnesota. In support of its Notice of Removal, Equifax states as follows:

### BACKGROUND AND TIMELINESS

1. On June 21, 2022, Scott Lindsey ("Plaintiff") commenced a civil action against Equifax by serving a Complaint to be filed in the Fourth District Court of Hennepin County, State of Minnesota, entitled *Scott Lindsey v. Equifax Information Services LLC*.

2. Equifax was served with the Plaintiff's Complaint on June 21, 2022. True and correct copies of the Summons and Complaint, together with all process, pleadings, and orders served upon or by Equifax, are attached as **Exhibit A**. These documents constitute all "process, pleadings, and orders" served upon Equifax in the state court action as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely, as Equifax has filed this Notice of Removal within thirty days of service. *See* 28 U.S.C. § 1446(b).

**THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION**

4. In his Complaint, Plaintiff purports to bring claims arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*See* Exhibit A, Complaint, ¶ 1.) Plaintiff seeks relief in the form of statutory and actual damages, along with the attorneys' fees and the costs of litigation, for alleged injuries, actual damages, and harm, as well as such other relief the Court may deem equitable. (*See* Exhibit A, Complaint.)

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is because Plaintiff alleges that Equifax violated the FCRA, which is a federal law. *Id.*

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

**VENUE AND NOTICE TO STATE COURT**

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Fourth District Court of Hennepin County, State of Minnesota, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Equifax, therefore, removes this action to the United States District Court for the District of Minnesota.

9.       Promptly upon the filing of this Notice of Removal, Equifax shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the Fourth District Court of Hennepin County, State of Minnesota, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d).  A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

10.     Equifax submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

11.     Should Plaintiff seek to remand this case to state court, Equifax respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Equifax asks that the Court retain jurisdiction and allow Equifax to file a motion asking this Court to certify any remand order for interlocutory review by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

12.     Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to Plaintiff's FCRA claims.  Therefore, the Court properly may exercise jurisdiction over this lawsuit.  *See* 28 U.S.C. § 1441.

WHEREFORE, Equifax submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United State District Court for the District of Minnesota.  Equifax also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:  July 21, 2022	Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:/s/ *Jeremy J. Thompson*
    Jeremy J. Thompson
    MN Bar No. 0402173
    Gordon Rees Scully Mansukhani, LLP
    100 S. Fifth Street, Suite 1900
    Minneapolis, MN 55402
    Telephone:  (612) 351-5969
    Email: jthompson@grsm.com

    *Attorneys for Defendant*
    *Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2022, a copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF REMOVAL was filed electronically using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jeremy J. Thompson*
Jeremy J. Thompson
*Attorney for Defendant*
*Equifax Information Services LLC*
